## UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

| | |
|---|---|
| JOHN FITZGERALD HANSON, | ) |
| | ) |
| Petitioner/Appellant, | )  **10th Cir. No. 25-7044** |
| | ) |
| v. | )  D.C. No. 6:25-cv-00081-RAW- |
| | )  (E.D. Okla.) |
| CHRISTE QUICK, Warden, | ) |
| Oklahoma State Penitentiary, et. al., | )  **Death Penalty Case** |
| | )  ***Execution Scheduled for June 12, 2025*** |
| Respondents/Appellees. | ) |

## PETITIONER/APPELLANT'S COMBINED REPLY TO THE FEDERAL AND STATE RESPONDENTS' RESPONSIVE BRIEFS [DOCS. 32 AND 34]

HUNTER LABOVITZ, NJ Bar # 010942006
Assistant Federal Public Defender
THOMAS D. HIRD, OBA #13580
Research and Writing Specialist
Office of the Federal Public Defender
Western District of Oklahoma
Capital Habeas Unit
Old Post Office Building
215 Dean A. McGee Ave., Suite 707
Oklahoma City, Oklahoma 73102
(405) 609-5975 telephone
(405) 609-5976 facsimile
Hunter_Labovitz@fd.org
Tom_Hird@fd.org

COUNSEL FOR PETITIONER/APPELLANT,
JOHN FITZGERALD HANSON

Petitioner/Appellant John Hanson responds briefly to the briefs of the State and Federal Respondents [Doc. 32, 34].

As Oklahoma Respondents Christe Quick and Steven Harpe concede "[t]he whole point of the § 3623 enterprise is to transfer an inmate *instead of* 'release' him." Doc. 34 at 34 (emphasis in original).[1] Mr. Hanson agrees wholeheartedly as he detailed this point in his combined Motion for a Certificate of Appealability and Opening Brief, even citing a district court case supporting his position. Doc. 29-1 at 17-18 (citing *Young v. Eischen*, No. 23-CV-3227 (PJS/JFD), 2024 WL 418702 (D. Minn. Jan. 3, 2024)). The critical issue is when is a federal prisoner eligible for release: Mr. Hanson contends that, under the scheme in 18 U.S.C. §§ 3621-3626, transfer eligibility does not attach until "the expiration of the prisoner's term of imprisonment, less any time credited toward the service of the prisoner's sentence. . . ." 18 U.S.C. § 3624. Neither the state nor federal Respondents ever address—much less attempt to explain—why §3624 is not applicable here.

Thus, it does not matter whether the federal-to-state transfer is sought for purposes of serving a state sentence or for purposes of a pending state criminal charge. Doc. 32 at 37-38. If a federal prisoner such as Mr. Hanson is not yet at the point of release from his federal sentence, which is the necessary predicate to the

---

[1] Citations to both the state and federal Respondents' responsive briefs are to the Tenth Circuit docket number followed by the page number on the ECF stamp in the top right-hand corner of the page.

BOP exercising discretion under § 3623, then the discretionary sections of that statute do not apply. Mr. Hanson is not "target[ing] the BOP Director's decision" to transfer Mr. Hanson, as the federal appellees argue, Doc. 32 at 28, but rather the BOP's authority to act in contravention to the law, which this Court certainly has the power to review. And the state Respondents' argument that § 3623 *ultra vires* actions outside of an agency's statutory powers are exempted from judicial review under 18 U.S.C. § 3625, Doc. 34 at 32, cannot be a valid restraint on this Court's authority to review agency actions. *See Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024); *Leedom v. Kyne*, 358 U.S. 184 (1958). Thus, it is the Respondents, not Mr. Hanson, who are trying to immunize unlawful actions from judicial review. *Cf.* Doc. 32 at 28.

The predicate temporal clause must be assessed separately from—and satisfied—before the BOP can exercise discretion to act in the "public interest." That the BOP director "has concluded that a transfer would serve the public interest," *Id.* at 36, is irrelevant to the issue here of whether the BOP acted "contrary to a specific prohibition in the Act" that was "clear and mandatory" by transferring Mr. Hanson prior to the expiration of his sentence. *Kyne*, 358 U.S. at 184.

And it is also legally irrelevant that Mr. Hanson will not be eligible for a section 3263 transfer because of his life-plus-1,884-months-consecutive sentence. Doc. 32 at 37; Doc. 34 at 35-36. Oklahoma, like Alabama did with federal life

2

prisoner Walter Moody following his state death sentence, could have simply chosen to keep Mr. Hanson in Oklahoma following his state court retrial. Doc. 29-1 at 55-56 (discussing relevant facts in *Moody v. Holman*, 887 F.3d 1281 (11th Cir. 2018)). But Oklahoma twice chose to return Mr. Hanson to federal prison. And both the state and federal Respondents relied on § 3623—and § 3623 only—as the basis for trying to move him to Oklahoma. Doc. 29-1 at 52. Consequently, the Respondents must comply with all of § 3263's requirements, regardless of whether they now believe there is an alternative theory of relief empowering the United States Attorney General—distinct from the BOP—to move Mr. Hanson, Doc. 34 at 38, which is an argument the district court did not rule on and thus an argument this Court should not review. *Singleton v. Wulff*, 428 U.S. 106, 120 (1976).

                        Respectfully submitted,

                        *s/ Hunter Labovitz*
                        HUNTER LABOVITZ, NJ Bar # 010942006
                        Assistant Federal Public Defender
                        THOMAS D. HIRD, OBA #13580
                        Research and Writing Specialist
                        Office of the Federal Public Defender
                        Western District of Oklahoma
                        Capital Habeas Unit
                        215 Dean A. McGee Ave., Suite 707
                        Oklahoma City, Oklahoma 73102
                        (405) 609-5975 telephone
                        Hunter_labovitz@fd.org
                        Tom_Hird@fd.org

                        COUNSEL FOR APPELLANT/PETITONER,
                        JOHN FITZGERALD HANSON

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of June, 2025, I electronically transmitted the attached document using Court's ECF System for filing, which effects service upon all counsel of record.

*s/ Hunter Labovitz*
HUNTER LABOVITZ

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this Reply brief complies with Fed. R. App. P. 32(a)(7) in that it contains 676 words. This brief also complies with the typeface and type-style requirements of Fed. R. App. P 32(a)(5)-(6) because it was prepared using Microsoft Word in Times New Roman 14-point font, a proportionally spaced typeface.

*s/ Hunter Labovitz*
HUNTER LABOVITZ

**CERTIFICATE OF DIGITAL SUBMISSION**

I hereby certify that with respect to the foregoing:

(1) all required privacy redactions have been made pursuant 10th Cir. R. 25.5; (2) if required to file additional hard copies, that the ECF submission is an exact copy of those documents; and (3) the digital submissions have been scanned for viruses with the most recent version of a commercial virus scanning program, Symantec Antivirus, Full Version 12.1.1000.157.105, and according to the program is free of viruses.

Dated this 4th day of June, 2025.

*s/ Hunter Labovitz*
HUNTER LABOVITZ